Parker C. J.
delivered the opinion of the Court. The question in this case is, whether there was a breaking or not. The lifting a latch and opening the door, though not bolted or locked; the shoving up a window, though not fastened; the getting down a chimney, and various other acts done to effect an entry, are held to be a breaking.[1] The offence consists in violating the common security of a dwellinghouse, in the nighttime, for the purpose of committing a felony. It makes no difference, whether the door is barred and bolted, or the window secured, or not; it is enough that the house is secured in the ordinary way; so that by the carelessness of the owner in leaving the door or window open, the party accused of burglary be not tempted to enter. Shutting the window-blinds and leaving the windows open for air, is a common mode of closing a house, in the warm season ; if the blinds are forced, it is a breaking.
The objection is, that the lattice-work of the dairy window was of twine only. Suppose it were of wire, or thin slats of wood, would there be any difference ? This, network was nailed down on all sides; it was torn away by the defendants, and they entered the breach. This is quite sufficient to constitute a burglarious breaking and entry.

Motion for a new trial overruled.

 See State v. Wilson, Coxe, (N. Jers.) 439; Commonwealth v Steward, 7 Dawes’s Abr. 136.